IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR135** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MICHAEL P. HICKEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 95).  The government adopted the PSR (Filing No. 102).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

**OBJECTIONS**

The Defendant objects to ¶¶ 49 and 50 of the PSR.[1]  Paragraph 49 assesses 2 additional criminal history points under U.S.S.G. § 4A1.1(d) because the Defendant was on parole for the offense described in 47 when he committed the instant offense. Paragraph assesses 1 criminal history point under U.S.S.G. § 4A1.1(e) because he committed the instant offense within 2 years of being released from custody with respect to the offense described in ¶ 47.  There are no objections to ¶ 47 or to any facts stated in the PSR.

---

[1] The Defendant's objections state ¶¶ 50 and 51; however, from reading the context it is clear that the correct paragraph numbers are 49 and 50.

### *¶ 49 - U.S.S.G. § 4A1.1(d)*

The objections are denied for the reasons stated in the Addendum to the PSR. Briefly, on October 15, 2005, the Defendant was released on parole for the offense described in ¶ 47. The Defendant pleaded guilty to Count I, charging that the offense began from an unknown date but at east as early as February 2006. (Filing No. 1.) Controlled buys from the Defendant occurred on March 29, 2006, and April 12, 2006. (PSR, ¶¶ 17, 18.) He was discharged from parole on June 23, 2006. The language "criminal justice sentence" in § 4A1.1(d) includes parole. U.S.S.G. § 4A1.1(d) application note 4. Therefore, clearly the 2 criminal history points added under § 4A1.1(d) in ¶ 49 are appropriate.

### *¶ 50 - U.S.S.G. § 4A1.1(e)*

Regarding the prior offense, the Defendant was released from prison on October 26, 2004, and from parole on June 23, 2006. (PSR, ¶ 47.) Using either date as a reference point for the assessment of the additional 1 criminal history point under § 4A1.1(e),[2] the point was properly assessed.

#### DOWNWARD DEPARTURE

Defense counsel states that he anticipates filing a motion for downward departure. The deadline for filing departure motions has passed. (Filing No. 82, ¶ 6.) No motion has been filed.

---

[2]Parole release is considered as release from a sentence of imprisonment in the context of § 4A1.1(e). *United States v. Wajda,* 1 F.3d 731, 733 (8th Cir. 1993).

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 95) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 10th day of November, 2008.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge